IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-229-BO

| | |
|---|---|
| COUNTY OF YADKIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAH ACQUISITIONS COMPANY 10 ) <br> LLC, HMC/CAH CONSOLIDATED, INC., ) <br> and RURAL COMMUNITY HOSPITALS ) <br> OF AMERICA, LLC, ) <br> ) <br> Defendants. ) | **ORDER** |

This matter is before the Court on defendants' motions to dismiss and plaintiff's motion for leave to file an amended complaint. A hearing was held before the undersigned on November 4, 2015, in Raleigh, North Carolina, and the matters are ripe for ruling. For the following reasons, defendants' motions are denied as moot, and plaintiff's motion is granted.

BACKGROUND

Although this case began only in May 2015, it already has a lengthy procedural history. Accordingly, the Court incorporates by reference the background section of its June 19, 2015, order finding defendants to be in civil contempt. Since that date, defendants Rural Community Hospitals of America (RCAH) and HMC/CAH Consolidated, Inc. (HMC) each filed a motion to dismiss. RCAH argues that it was not a party to the purchase agreement or hospital lease. HMC argues that this Court lacks personal jurisdiction over it because it does not have sufficient minimum contacts with the State of North Carolina. HMC's argument relies in large part on a prior bankruptcy proceeding in United States Bankruptcy Court for the Western District of

Missouri, in which the bankruptcy plan discharged and extinguished the guaranty between HMC and CAH10.

After filing the motion to dismiss in this Court, HMC filed motions in the Western District of Missouri to re-open the bankruptcy case and for entry of an order enforcing injunctions issued under the confirmation and discharge orders. HMC also requests costs and attorneys' fees from the bankruptcy court. Essentially, HMC argues that plaintiff's suit in this Court violates the bankruptcy court's injunction under its confirmed plan of reorganization and its discharge injunction under Section 524. The motion to re-open was granted and the motion to enforce injunctions and award costs and attorneys' fees is pending.

In response, plaintiff seeks to amend its complaint to address only post-discharge and expressly assumed conduct. Defendants oppose the proposed amendment, requesting that this Court withhold a decision until the bankruptcy court rules on the pending motions.

## DISCUSSION

The Court considers first plaintiff's motion to amend the complaint. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleadings as a matter of right under certain circumstances or with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a)(1)-(2). Further, Rule 15 directs that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A court should only deny leave to amend a pleading when the amendment would be prejudicial to the opposing party, where there has been bad faith on the part of the moving party, or when the amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citation omitted).

2

It is unclear under which of the three prongs defendants object to plaintiff's proposed amendment. Defendants argue that the Court lacks jurisdiction over plaintiff's amended complaint because of the bankruptcy proceedings, but they do not expressly state that the amendment would be prejudicial or futile, or that plaintiffs are acting in bad faith. This Court is unaware of any current rulings from the Bankruptcy Court that would divest this Court of jurisdiction. Moreover, the allegations in plaintiff's amended complaint relate only to explicitly assumed obligations and post-discharge conduct, rather than to conduct subject to the injunctions imposed by the bankruptcy court. As post-confirmation conduct and explicitly assumed obligations do not implicate the bankruptcy prcoeedings, the Court finds that amendment would not be futile, that there has been no bad faith on the part of the moving party, and that amendment would not be prejudicial to defendants. *See, e.g., In re Transamerican Natural Gas Corp.*, 127 B.R. 800, 804 (S.D. Tx 1991). Plaintiff's motion to amend [DE 73], therefore, is allowed. As plaintiff's motion to amend is allowed, defendants' motions to dismiss the original complaint [DE 54, 56] are denied as moot.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint [DE 73] is GRANTED. The Clerk of Court is DIRECTED to file plaintiff's proposed amended complaint. Defendants' motions to dismiss [DE 54, 56] are DENIED AS MOOT.

SO ORDERED, this 12 day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE